NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN R. DEMOS, | : | |
| | : | Civil Action No. 12-7854 (DRD) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE U.S. SECRETARY OF | : | |
| DEFENSE, et al., | : | |
| | : | |
| Defendants. | : | |

APPEARANCES:

        JOHN R. DEMOS, Plaintiff <u>pro se</u>
        #287455-E-G-0
        Ciallam Bay Correctional Center
        1830 Eagle Crest Way
        Ciallam Bay, Washington 98326

**DEBEVOISE**, District Judge

        Plaintiff, John R. Demos, a state inmate presently confined at the Ciallam Bay Correctional Center in Ciallam Bay, Washington, at the time he submitted this action for filing, seeks to bring this civil action *in forma pauperis*, pursuant to 28 U.S.C. § 1915.  For the following reasons, Plaintiff's request to proceed *in forma pauperis* will be denied.  In addition, because the Complaint fails to set forth a cognizable claim for relief, the Court will dismiss this case with prejudice, pursuant to 28 U.S.C. § 1915A.

I.   BACKGROUND

Demos brings this Complaint, pursuant to 42 U.S.C. § 1983, against the U.S. Secretary of Defense, the Director of the Central Intelligence Agency ("CIA"), President Barack H. Obama, the U.S. Attorney General, the U.S. Secretary of State, and the Governor of the State of Washington.  (Complaint, Caption, ¶¶ III.B and C.)  Demos alleges that his place of confinement is Clallam Bay Correctional Center, located in Ciallam Bay, Washington.  Demos appears to be challenging the legality of his conviction, which he does not identify in his Complaint.  Demos also alleges that he is a pretrial detainee, and that as a pretrial detainee, he cannot be imprisoned.  He further contends that he is being held in violation of British and U.S. treaties, and that the President has "issued a direct oral order, ordering [Demos'] release from incarceration, pursuant to 295 U.S. 174."  (Complaint, ¶ IV. Statement of Claims.)

Demos further alleges that he was unlawfully tried in a military court, that 28 U.S.C. § 1915(g) does not apply to civil detainees, and that "the President of the United States has ordered the Governor of Washington State to release Plaintiff immediately, but the Governor of the State has refused to comply."  (Id.)

2

In addition to his release, Demos seeks $3 million in compensatory, declaratory, and punitive damages.   (Compl., ¶ V. Relief.)

Demos is no stranger to the District of New Jersey, having filed 19 actions, including this present Complaint, and an earlier habeas action, pursuant to 28 U.S.C. § 2241, before this Court in *Demos v. United States of America*, C.A. No. 2:10-cv-01366 (DRD), which was dismissed by this Court on October 4, 2010 for lack of jurisdiction.   Indeed, Demos is a notorious frequent filer, and has a long and well-documented history of filing frivolous and vexatious lawsuits in various federal district and circuit courts throughout the country, as well as in the United States Supreme Court.   For instance, the United States District Court for the District of Massachusetts recently noted that "Demos has filed hundreds of cases throughout the country, and has been deemed to be an abusive litigant. He has been enjoined in a number of courts, and is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).   The PACER records reveal that Demos has filed at least 130 other habeas petitions." *Demos v. United States Secretary of Defense*, C.A. No. 12-12398-PBS, 2013 WL 80167 (D.Mass. Jan. 3, 2013); *see also Demos v. U.S. Secretary of Defense*, C.A. No. 8:13CV12, 2013 WL 1148804 (D.Neb. March 19, 2013).

3

Demos began filing complaints in 1989 in the State of Washington, where he is incarcerated.  After having been enjoined from filing anything further in that State,[1] Demos began filing in virtually every state in the nation including the Virgin Islands, Guam and Puerto Rico.  These complaints have totaled 715 and do not include those filed with the Bankruptcy Courts or the Appellate Courts.  *See Demos v. U.S. Secretary of Defense*, C.A. No. 1:12-cv-00407-GZS, 2013 WL 571800 (D.Me. Jan. 16, 2013).

Moreover, Demos is a litigant with "three strikes" under 28 U.S.C. § 1915(g).  *Demos v. Bush*, 365 Fed. Appx. 341, 342 (3d Cir. 2010); *see also Demos v. Coca-Cola, Inc.*, C.A. No. 3:11-CV 380, 2011 U.S. Dist. LEXIS 87645 (W.D.N.C. Aug. 8, 2011); *Demos v. United States*, C.A. No. 2:10-CV-285-DAK, 2010 U.S. Dist. LEXIS 34806 (D.Utah Apr. 7, 2010); *Demos v. United States*, C.A. No. 08-6055, 2008 U.S. Dist. LEXIS 93283, 2008 WL 4949884

---

[1] Demos also is under pre-filing review orders in the Western and Eastern Districts of Washington, the Washington state courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court.  *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993).  The United States District Court for the Western District of Washington, the district in which Demos is incarcerated, has a standing order providing for the return without filing of any petition that Demos files pursuant to 28 U.S.C. §§ 1651, 2253, or 2254, unless the submission is accompanied by a filing fee.  *See Demos v. Weidman*, c.a. No. 2:11-CV-00274, Report and Recommendation, ECF No. 2, (W.D.Wash., Feb. 9, 2011); adopted Mar. 21, 2011, ECF No. 5.  Additionally, Demos is allowed to submit only three IFP applications and proposed actions each year in that court.  *Id.*

(W.D.Ark. Nov. 17, 2008); *Demos v. Doe*, C.A. No. 05-5843(WJM),
2006 U.S. Dist. LEXIS 20028, 2006 WL 891447 (D.N.J. Apr. 4,
2006); *Demos v. Doe*, 118 F. Supp.2d 172, 173 (D.Conn. 2000).
Therefore, this action would be subject to the "three strikes"
provision of 28 U.S.C. § 1915(g).

## II.  DISCUSSION

### A.  "Three-Strikes" Provision

Demos seeks to proceed with this action *in forma pauperis*
("IFP"), pursuant to 28 U.S.C. § 1915, having submitted an IFP
application with his form Complaint under 42 U.S.C. § 1983.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted
on April 26, 1996, prohibits a prisoner from bringing a civil
action *in forma pauperis*, pursuant to 28 U.S.C. § 1915, "if the
prisoner has, on 3 or more prior occasions, while incarcerated
or detained in any facility, brought an action or appeal in a
court of the United States that was dismissed on the grounds
that it is frivolous, malicious, or fails to state a claim upon
which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury."  28 U.S.C. §
1915(g); *see also Keener v. Pennsylvania Board of Probation &
Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that
frivolousness dismissals prior to enactment of PLRA count as
"strikes" under § 1915(g)).  A prisoner who has three or more

5

such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." *Id.* When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001).

As related above, Demos has filed numerous civil actions in the District of New Jersey, and elsewhere in various federal district and circuit courts throughout the United States, and has been deemed a litigant with "three strikes" under 28 U.S.C. § 1915(g). *See Demos v. Bush*, 365 Fed. Appx. 341, 342 (3d Cir. 2010); *see also Demos v. Coca-Cola, Inc.*, C.A. No. 3:11-CV 380, 2011 U.S. Dist. LEXIS 87645 (W.D.N.C. Aug. 8, 2011); *Demos v. United States*, C.A. No. 2:10-CV-285-DAK, 2010 U.S. Dist. LEXIS 34806 (D.Utah Apr. 7, 2010); *Demos v. United States*, C.A. No. 08-6055, 2008 U.S. Dist. LEXIS 93283, 2008 WL 4949884 (W.D.Ark. Nov. 17, 2008); *Demos v. Doe*, C.A. No. 05-5843(WJM), 2006 U.S. Dist. LEXIS 20028, 2006 WL 891447 (D.N.J. Apr. 4, 2006); *Demos v. Doe*, 118 F. Supp.2d 172, 173 (D.Conn. 2000).

Accordingly, Demos has long passed the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking

*in forma pauperis* status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).

In this Complaint, Plaintiff makes no allegations or claims of "imminent danger." Rather, the Complaint appears to challenge his conviction and present incarceration as unlawful. Consequently, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Demos is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Demos may not proceed *in forma pauperis*.

B. <u>Complaint Subject to Dismissal Under 28 U.S.C. § 1915A</u>

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Having determined that

Demos is not entitled to proceed *in forma pauperis*, this action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A, as he is a prisoner seeking redress against governmental officials.

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." *Iqbal*, 556 U.S. at 678. Notably, the court is not required to accept "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In other words, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 2012 WL 4335958, *8 (3d Cir. Sept. 24, 2012)(allegations that are no more than conclusions are not entitled to the assumption of truth; a court should "look for

well-pled factual allegations, assume their veracity, and then
'determine whether they plausibly give rise to an entitlement to
relief.'")(quoting, *Iqbal*, 556 U.S. at 679).

This inquiry is "normally broken into three parts: (1)
identifying the elements of the claim, (2) reviewing the
complaint to strike conclusory allegations, and then (3) looking
at the well-pleaded components of the complaint and evaluating
whether all of the elements identified in part one of the
inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d
560, 563 (3d Cir. 2011). In determining the sufficiency of a
pro se complaint, however, the Court must be mindful to construe
it liberally in favor of the plaintiff. *See Erickson v. Pardus*,
551 U.S. 89, 93-94 (2007); *see also United States v. Day*, 969
F.2d 39, 42 (3d Cir. 1992).

Finally, the Third Circuit recently cautioned that *Twombly*
and *Iqbal* "do not provide a panacea for defendants," rather,
"they merely require that plaintiff raise a 'plausible claim for
relief.'" *Covington v. International Association of Approved
Basketball Officials*, ___ F.3d ___, 2013 WL 979067, *2 (3d Cir.
March 14, 2013)(quoting *Iqbal*, 556 U.S. at 679). Thus, factual
allegations must be more than speculative, but the pleading
standard "is not akin to a 'probability requirement.'"

*Covington, supra* (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556).

It is obvious in this case that Demos' allegations in his Complaint are both irrational and wholly incredible. He is attempting to sue the President of the United States, the Governor of the State of Washington, and several federal officials, claiming, in essence, that President Obama gave an oral order to the Governor of Washington ordering Demos' immediate release from incarceration. Demos also appears to claim that he is a British citizen and is entitled to diplomatic immunity pursuant to treaties executed in 1606, 1782, 1783, and 1792. Given Demos' lengthy, non-meritorious litigation history, and the preposterous nature of the allegations set forth in this action, this Court finds that the Complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous and because it fails to state a claim.

C.  Lack of Jurisdiction Over Habeas Claim

Alternatively, although labeled as a civil complaint under 42 U.S.C. § 1983, Demos actually appears to be challenging the legality of his conviction and present incarceration, which claim is more appropriately raised in a habeas petition under either 28 U.S.C. § 2254 or § 2241. This Court, however, does not have jurisdiction over such a habeas petition.

District courts "are limited to granting habeas relief within their respective jurisdictions." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quotation omitted). In a habeas proceeding, "the proper Respondent is the warden of the facility where the prisoner is being held." *Id*. at 435. "The plain language of the habeas statute confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id*. at 443.

Demos does not allege, nor does the record show, that the State of New Jersey has any involvement in Demos' current confinement as Demos was convicted and sentenced in a Washington state court. Moreover, Demos challenges his current confinement in a prison located in the State of Washington. Therefore, this Court does not have jurisdiction over his Petition. The Court, could, in its discretion, transfer the Petition to the Western District of Washington. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action."). However, given Demos' lengthy and vexatious litigation history, and the implausible nature of his allegations in this action, it is not

in the interest of justice to transfer this case.  Accordingly, this action will be dismissed for lack of jurisdiction.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's request to proceed *in forma pauperis* will be denied, pursuant to 28 U.S.C. § 1915(g).  Moreover, because the Complaint is wholly frivolous and fails to state a cognizable claim for relief under 42 U.S.C. § 1983, the federal statute under which Plaintiff is proceeding, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  Finally, to the extent that Plaintiff is challenging his state court conviction and present confinement under a habeas action pursuant to either 28 U.S.C. § 2254 or § 2241, the action must be dismissed for lack of jurisdiction. An appropriate order follows.

DICKINSON R. DEBEVOISE
United States District Judge

Dated: April 23, 2013